UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
UNITED STATES OF AMERICA,

                                                MEMORANDUM AND ORDER

           Plaintiff,                    CR 08-322

  -against-                             (Wexler, J.)

PHILLIP MURPH,

           Defendant.
------------------------------------------------------X

APPEARANCES:

    BENTON . CAMPBELL, UNITED STATES ATTORNEY
    EASTERN DISTRICT OF NEW YORK
    BY: LARA TREINIS GATZ, ESQ.
        CHARLES N. ROSE, ESQ.
        ASSISTANT UNITED STATES ATTORNEYS
    610 Federal Plaza
    Central Islip, New York 11722

    LAW OFFICES OF THOMAS F. LIOTTI
    BY: THOMAS F. LIOTTI, ESQ.
        DRUMMOND C. SMITH, ESQ.
    600 Old Country Road, Suite 530
    Garden City, New York 11530
    Attorneys for Defendant

WEXLER, J.

    Defendant Phillip Murph ("Murph" or "Defendant") was tried and convicted by a jury of two counts of a trial indictment charging him with: (1) conspiracy to distribute and possess, with intent to distribute, cocaine in an amount of 500 grams or more in or about and between January 2007 and May 1, 2008 (the "Conspiracy Count"), and (2) attempt to distribute and possess with

intent to distribute cocaine on or about March 12, 2008 (the "Attempt Count"). Presently before the court is Defendant's motion, pursuant to Rule 12(b)(3) of the Federal Rules of Criminal Procedure, to dismiss the complaint. For the reasons set forth below, the motion is denied.

I.   The Motion to Dismiss

The motion seeks dismissal of the indictment on the grounds that: (1) the indictment failed to allege essential elements of the either the attempt or conspiracy charged; (2) the conduct upon which the indictment was founded did not constitute either the attempt or conspiracy charged, and (3) the statute under which Murph was prosecuted for an attempt is preempted, and therefore could not be the basis for an indictment.

II.  Disposition of the Motion

   A.   The Indictment Complies With the Federal Rules of Criminal Procedure

The court rejects the argument that the indictment must be dismissed for failure to set forth the essential elements of an attempt and/or a conspiracy. Rule 7(c) of the Federal Rules of Criminal Procedure requires that an indictment be a "plain concise and definite written statement of the essential facts constituting the offense charged . . . ." Fed. R. Crim. 7(c). In addition, the indictment must "give the official or customary citation of the statute, rule, regulation or other provision of law that the defendant is alleged to have violated." Fed. R. Crim. 7(c). The purpose of such an indictment is, <u>inter alia</u>, to put the defendant on notice of the charges against him. Where an indictment tracks the relevant statutory language, and refers to the approximate time and place forming the basis for indictment, it is sufficient to withstand dismissal. <u>See</u> <u>United States v. Alfonso</u>, 143 F.3d 772, 776 (2d Cir. 1998).

Defendant faults the indictment with respect to the Attempt Count for failing to state the

act constituting the "substantial step" in furtherance of the attempt. No such specificity is required. See United States v. Resendiz-Ponce, 549 U.S. 102, 107 (2007) (indictment need not "specifically allege a particular overt act" as a "substantial step"). Indeed, as recognized by the Supreme Court, reference to the legal term 'attempt," standing alone, is sufficient to allege a legal attempt, and refers to both the requisite overt act, and the intent elements. Id. at 108. The Attempt Count of the indictment states that "on or about March 12, 2008" Murph, along with co-defendants and others "did knowingly and intentionally attempt to distribute and possess with intent to distribute a controlled substance, which offense involved a substance containing cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1)." The indictment goes on to refer to 21 U.S.C. Sections 846, and 18 U.S.C. Sections 2 and 3551. The indictment put Defendant on notice of the attempt crime with which he was charged, and the statutes upon which the government relied. It is sufficient to comply with the Federal Rules of Criminal Procedure, and not subject to dismissal.

The Conspiracy Count of the indictment is similarly adequate, and therefore not subject to dismissal. With respect to the Conspiracy Count, Defendant argues that the indictment fails to set forth language regarding a "detectable amount" of cocaine. Like the Attempt Count of the indictment, the Conspiracy Count tracks the statutory language, and is otherwise sufficient to comply with the Federal Rules of Criminal Procedure.

  B. Defendant Was Charged With Conduct
    <u>Sufficient to Constitute the Crimes Alleged</u>

Defendant's second argument similarly fails. As noted, Murph argues that the indictment must be dismissed because the conduct upon which the indictment was founded did not

3

constitute either the attempt or conspiracy charged. The problem with this argument is that Defendant focuses solely on the Grand Jury evidence to challenge his conviction after trial. It matters not that Defendant may not have been convicted based upon the Grand Jury evidence alone. What matters is that the government adduced sufficient evidence to convict Murph at trial. His reliance on the Grand Jury evidence does not form a basis for dismissal of the indictment. See United States v. Kaplan, 886 F.2d 536, 544 (2d Cir. 1989)(conviction at trial on the charge cures any evidentiary insufficiency at the grand jury stage).

    C.    There Is No Preemption Requiring Dismissal

Finally, Defendant seeks dismissal of the indictment on the ground that 21 U.S.C. §841(a)(1) ("Section 841(a)(1)") preempts 21 U.S.C. §846 ("Section 846") and therefore the court lacked jurisdiction over the Attempt Count of the indictment. Section 846, the general attempt and conspiracy statute, makes it a crime, inter alia, to attempt to commit any offense in Title 21, and subjects a defendant to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt. Section 841(a)(1) makes it a crime, inter alia, to distribute, or possess with intent to distribute, a controlled substance. Defendant's argument is that it is unclear that Congress intended Section 846 to be used to create the offense of "attempt" to "attempt to distribute." He further argues that where the evidence suggests that a defendant has possession of a controlled substance and was attempting to transfer that substance to another, Section 846 is preempted by Section 841(a)(1), as it relates to the attempt. Defendant cites no case in support of this theory, and the court finds no support for his argument. Additionally, as noted above, the Attempt Count of the indictment recites not only Sections 841(a)((1) and 846 but also 18 U.S.C. §2, which punishes a person who commits an offense or"

4

aids, abets, counsels, commands, induces or procures its commission . . . ." or who causes an act to be done which if directly performed by him or another would be an offense." Thus, even if there was a viable preemption argument to be made, and the court does not hold that such an argument has been made here, it would not require dismissal of the indictment.

## CONCLUSION

For the foregoing reasons, the court denies Defendant's motion to dismiss the indictment pursuant to Rule 12(b)(3). The court notes that Defendant has also made a post-trial motion pursuant to Rule 33. The Government has not yet responded to that motion. Accordingly, the Government is directed to respond to the Rule 33 motion within two weeks of the date of this order.

SO ORDERED

/s/
LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
December 14, 2009