UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------X
UNITED STATES OF AMERICA,

                                         MEMORANDUM AND ORDER

            Plaintiff,                CR 08-322

    -against-                         (Wexler, J.)

PHILLIP MURPH,

            Defendant.
-------------------------------------------------X

APPEARANCES:

    BENTON . CAMPBELL, UNITED STATES ATTORNEY
    EASTERN DISTRICT OF NEW YORK
    BY: LARA TREINIS GATZ, ESQ.
        CHARLES N. ROSE, ESQ.
        LARA TREINIS GATZ, ESQ.
        ASSISTANT UNITED STATES ATTORNEYS
    610 Federal Plaza
    Central Islip, New York 11722

    LAW OFFICES OF THOMAS F. LIOTTI
    BY: THOMAS F. LIOTTI, ESQ.
        DRUMMOND C. SMITH, ESQ.
    600 Old Country Road, Suite 530
    Garden City, New York 11530
    Attorneys for Defendant

WEXLER, J.

    Defendant Phillip Murph ("Murph" or "Defendant") was tried and convicted by a jury of two counts of a trial indictment charging him with: (1) conspiracy to distribute and possess, with intent to distribute, cocaine in an amount of 500 grams or more in or about and between January 2007 and May 1, 2008 (the "Conspiracy Count"), and (2) attempt to distribute and possess with

1

intent to distribute cocaine on or about March 12, 2008 (the "Attempt Count"). Presently before the court is Defendant's motion, pursuant to Rule 33 of the Federal Rules of Criminal Procedure, for a new trial. For the reasons set forth below, the motion is denied.

I. The Motion

Rule 33(a) provides that a judgment may be vacated a a new trial ordered "if the interests of justice so provide." Fed. R. Crim. P. 33(a). The standard for granting a new trial is high and the motion is properly denied unless letting the verdict stand would lead to a "manifest injustice." United States v. Guang, 511 F.3d 110, 119 (2d Cir. 2007).

As an initial matter, the court notes that the Government refutes Defendant's argument that it failed to timely respond to the motion. While the docket sheet does not reflect the December 2009 filing of the response, the Government has submitted sufficient documentary evidence that it responded to the motion, and the court will consider that response.

As to the merits, the court has reviewed the motion and the government's response and holds that Defendant raises no grounds requiring a new trial. First, as observed by this court in its earlier decisions, the government adduced sufficient evidence to convict Murph at trial. As to the court's decision not to conduct a hearing to determine the reliability of co-conspirator statements ( a Bourjaily hearing), this request was rejected prior to Defendant's first trial and not renewed thereafter. Moreover, there was overwhelming evidence of a conspiracy between Murph and the co-conspirators, making any failure to hold a reliability hearing harmless. The court declines to revisit any argument regarding the admissibility of evidence at trial. The admission of the exhibit (consisting of a small amount of crack cocaine sold by a co-conspirator) was not prejudicial to Defendant in light of the evidence introduced with respect to much greater

2

amounts of drugs actually distributed by Murph. The court rejects the notion that the jury could not abide by the court's instruction regarding rebuttal testimony to be ignored. The jury's ability to abide by the court's instructions is presumed, in the absence of an "overwhelming" probability to the contrary, and that the evidence requested to be ignored is "devastating to the defense." United States v. Jones, 16 F.3d 487, 493 (2d Cir. 1994). That is not the case with respect to the evidence at issue here, which related only as to testimony as to whether defendant's wife knew that her brother owned a particular car. The court will not revisit its decision to deny a mistrial based upon the argument that government was allowed to bring out evidence that Williams met Murph in an a halfway house, and that Murph was arrested "in this building." The court denied the mistrial at the time the evidence was introduced, and denies to order a new trial based upon the same argument. As to the voluntariness of Murph's proffer statements, the court held a hearing on this issue, and found the statements to have been made voluntarily. Such statements were not even used against defendant at trial. Last, the court declines to order a new trial based upon the court's demeanor toward defense counsel at trial.

## CONCLUSION

For the foregoing reasons, the court denies Defendant's motion pursuant to Rule 33(a).

SO ORDERED

LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
April 5, 2010

3