```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X      For Online Publication Only
UNITED STATES OF AMERICA,
                                                                       **ORDER**
                                                                       2:08-CR-00322 (JMA) (ETB)
              -against-
                                                                       FILED
PHILLIP MURPH,                                                         CLERK

                                                                       11/8/2018 4:22 pm

                                      Defendant.                       U.S. DISTRICT COURT
----------------------------------------------------------------X      EASTERN DISTRICT OF NEW YORK
                                                                       LONG ISLAND OFFICE
```

**AZRACK, United States District Judge:**

Before the Court is Defendant Phillip Murph's motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) and <u>pro se</u> motion to correct the Presentence Investigation Report pursuant to Rule 32 of the Federal Rules of Criminal Procedure. The Government contends that Murph is ineligible for a sentence reduction under 18 U.S.C. § 3582(c)(2) and that the Court lacks jurisdiction to correct the Presentence Investigation Report. For the reasons stated below, both motions are denied.

## I. BACKGROUND

In February 2009, Phillip Murph was convicted of two felony drug trafficking counts. In April 2012, at Murph's resentencing upon remand following his direct appeal, Judge Leonard D. Wexler determined that the defendant's U.S. Sentencing Guidelines ("U.S.S.G." or "Guidelines") range was 360 months to life, based on a total offense level of 40 at Criminal History Category III. (Gov. Opp. Mem. at 1.) Judge Wexler ultimately sentenced Murph to 240 months imprisonment. Two years later, the U.S. Sentencing Commission ("Commission") amended U.S.S.G. § 2D1.1 to reduce the offense levels in the Drug Quantity Table by two and applied it retroactively ("Amendment"). <u>See</u> U.S.S.G. Supp. App. C, Amend. 782; 788 (2014). The Amendment reduced Murph's Guidelines range from 360 months to life to 293-365 months. In March 2018, Murph

moved to reduce his sentence in light of the Amendment pursuant to 18 U.S.C. § 3582(c)(2). This case was later reassigned to the undersigned after Judge Wexler's death.

Murph has also moved to excise certain paragraphs from the Presentence Investigation Report ("PIR"), pursuant to Rule 32 of the Federal Rules of Criminal Procedure ("Rule 32"), on the ground that their inclusion caused the Bureau of Prisons to deny him a certain placement at the prison at which he is incarcerated.

## II. DISCUSSION

### A. Motion to Reduce Sentence

Under 18 U.S.C. § 3582(c)(2), district courts are authorized to reduce an otherwise final sentence in light of an amendment to the Guidelines. In Dillon v. United States, the Supreme Court articulated the two-step inquiry established by § 3582(c)(2): "A court must (1) determine the scope of the reduction, if any, authorized by § 1B1.10 and then (2) consider whether the authorized reduction is warranted according to the applicable § 3553(a) factors." 560 U.S. 817, 818 (2010). At step one, courts "'determine the amended guideline range that would have been applicable to the defendant' had the relevant amendment been in effect at the time of the initial sentencing." Id. at 827 (quoting U.S.S.G. § 1B1.10(b)(1)). However, the court may "'not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range'" absent substantial assistance to authorities. Id. (quoting U.S.S.G. § 1B1.10(b)(2)(a)). If the defendant's original sentence is greater than the minimum of the amended Guidelines range, the court "consider[s] any applicable § 3553(a) factors" to determine whether a reduction is warranted. Id.

Here, Murph's original sentence is less than the minimum of the amended Guidelines range. Murph's amended Guidelines range is 292-365 months, based upon a total offense level of 38 and Criminal History Category of III. Thus, because the original sentence of 240 months is

moved to reduce his sentence in light of the Amendment pursuant to 18 U.S.C. § 3582(c)(2). This case was later reassigned to the undersigned after Judge Wexler's death.

Murph has also moved to excise certain paragraphs from the Presentence Investigation Report ("PIR"), pursuant to Rule 32 of the Federal Rules of Criminal Procedure ("Rule 32"), on the ground that their inclusion caused the Bureau of Prisons to deny him a certain placement at the prison at which he is incarcerated.

## II. DISCUSSION

### A. Motion to Reduce Sentence

Under 18 U.S.C. § 3582(c)(2), district courts are authorized to reduce an otherwise final sentence in light of an amendment to the Guidelines. In Dillon v. United States, the Supreme Court articulated the two-step inquiry established by § 3582(c)(2): "A court must (1) determine the scope of the reduction, if any, authorized by § 1B1.10 and then (2) consider whether the authorized reduction is warranted according to the applicable § 3553(a) factors." 560 U.S. 817, 818 (2010). At step one, courts "'determine the amended guideline range that would have been applicable to the defendant' had the relevant amendment been in effect at the time of the initial sentencing." Id. at 827 (quoting U.S.S.G. § 1B1.10(b)(1)). However, the court may "'not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range'" absent substantial assistance to authorities. Id. (quoting U.S.S.G. § 1B1.10(b)(2)(a)). If the defendant's original sentence is greater than the minimum of the amended Guidelines range, the court "consider[s] any applicable § 3553(a) factors" to determine whether a reduction is warranted. Id.

Here, Murph's original sentence is less than the minimum of the amended Guidelines range. Murph's amended Guidelines range is 292-365 months, based upon a total offense level of 38 and Criminal History Category of III. Thus, because the original sentence of 240 months is

moved to reduce his sentence in light of the Amendment pursuant to 18 U.S.C. § 3582(c)(2). This case was later reassigned to the undersigned after Judge Wexler's death.

Murph has also moved to excise certain paragraphs from the Presentence Investigation Report ("PIR"), pursuant to Rule 32 of the Federal Rules of Criminal Procedure ("Rule 32"), on the ground that their inclusion caused the Bureau of Prisons to deny him a certain placement at the prison at which he is incarcerated.

## II. DISCUSSION

### A. Motion to Reduce Sentence

Under 18 U.S.C. § 3582(c)(2), district courts are authorized to reduce an otherwise final sentence in light of an amendment to the Guidelines. In Dillon v. United States, the Supreme Court articulated the two-step inquiry established by § 3582(c)(2): "A court must (1) determine the scope of the reduction, if any, authorized by § 1B1.10 and then (2) consider whether the authorized reduction is warranted according to the applicable § 3553(a) factors." 560 U.S. 817, 818 (2010). At step one, courts "'determine the amended guideline range that would have been applicable to the defendant' had the relevant amendment been in effect at the time of the initial sentencing." Id. at 827 (quoting U.S.S.G. § 1B1.10(b)(1)). However, the court may "'not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range'" absent substantial assistance to authorities. Id. (quoting U.S.S.G. § 1B1.10(b)(2)(a)). If the defendant's original sentence is greater than the minimum of the amended Guidelines range, the court "consider[s] any applicable § 3553(a) factors" to determine whether a reduction is warranted. Id.

Here, Murph's original sentence is less than the minimum of the amended Guidelines range. Murph's amended Guidelines range is 292-365 months, based upon a total offense level of 38 and Criminal History Category of III. Thus, because the original sentence of 240 months is

already less than the low-end of the amended Guidelines range and Murph did not provide substantial assistance to authorities, Murph is not eligible for a reduction under § 3582(c)(2).

Murph argues that he is eligible for a sentence reduction because: (1) U.S.S.G. § 1B1.10 is ambiguous as to which Guidelines range the Court should consider in determining his eligibility under § 3582(c)(2); (2) U.S.S.G. § 1B1.10 is an unconstitutional delegation of legislative authority to the Commission; and (3) the Court reduced the sentence of a co-defendant despite that defendant's ineligibility under § 3582(c)(2). The Court finds these arguments unavailing.

First, Murph contends that the language of U.S.S.G. § 1B1.10(b)(1) is ambiguous as to whether the amended Guidelines range calculation includes the sentencing enhancement for Murph's managerial role in the offense. (Def. Reply Mem. at 4.) If the calculation includes the four-level enhancement, Murph remains ineligible under § 3582(c)(2); if it does not include the enhancement, Murph is eligible because the amended Guidelines range would be 185-235 months. (Id.) This ambiguity, according to Murph, warrants application of the rule of lenity and militates in favor of a sentence reduction. (Id. at 5.)

The Court finds no ambiguity in U.S.S.G. § 1B1.10(b)(1). This provision plainly states that "the court shall determine the amended guideline range that would have been applicable to the defendant if the amendments(s) to the guidelines listed in subsection (d) had been in effect at the time the defendant was sentenced." U.S.S.G. § 1B1.10(b)(1). Had the Amendment been in effect at the time of Murph's sentencing, the original Guidelines range would have included the enhancement in question. Upon remand for resentencing,[1] the Court found it appropriate to include the sentencing enhancement in Murph's Guidelines calculation—as it did previously—

---

[1] The Second Circuit remanded this case for resentencing to permit the Court to make specific factual findings as to the identities of Murph's co-conspirators and to determine whether the four-level managerial role enhancement remained appropriate. See United States v. Murph, 452 F. App'x 31, 35 (2d Cir. 2011) (Summary Order).

3

and imposed the same sentence. (See Mandate of USCA as to Phillip Murph, No. 2:08-CR-00322, ECF No. 304 (May 4, 2012)). Thus, the proper amended Guidelines range includes the sentencing enhancement, making Murph ineligible under § 3582(c)(2).

Next, Murph contends that U.S.S.G. § 1B1.10 is an "unconstitutional legislative activity of the United States Sentencing Commission" and does not bind the Court. (Def. Reply Mem. at 1.) Second Circuit precedent holds otherwise. In United States v. Erskine, the Second Circuit held that "the Commission has done precisely that which it was permitted, and congressionally encouraged, to do" by promulgating U.S.S.G. § 1B1.10. 717 F.3d 131, 138 (2d Cir. 2013); see also U.S. v. Montanez, 717 F.3d 287, 291 (2d Cir. 2013) (holding that U.S.S.G. § 1B1.10 did not violate constitutional separation of powers principles). Indeed, "Congress has . . . sufficiently instructed the Commission as to both the contours of its authority . . . and the means by which it may [exercise that authority] . . . [and] the Commission [has not] . . . wrongfully limit[ed] judicial powers." Erskine, 717 F.3d at 139, 140. The Court cannot depart from this Second Circuit precedent.

Finally, Murph argues that he is eligible under § 3582(c)(2) because the Court previously reduced the sentence of an "ineligible" co-defendant, Arden M. Malone. (Def. Reply Mem. at 10.) (See Order Granting Motion to Reduce Sentence, Malone v. United States, No. 2:08-CR-00322, ECF No. 338 (Dec. 8, 2015)). Malone's original Guidelines range was 151-188 months, based on a total offense level of 29 and a Criminal History Category of V. Judge Wexler sentenced Malone to 140 months imprisonment. The Amendment reduced Malone's total offense level to 27, lowering his amended Guidelines range to 120-150 months. (See Letter from Arden M. Malone to Hon. Leonard D. Wexler in Support of Motion to Reduce Sentence, Id., ECF No. 332 (Aug. 28, 2015)). Therefore, Malone was eligible to have his 140-month sentence reduced to a term not less

4

than 120 months.  Accordingly, Judge Wexler acted appropriately in reducing Malone's sentence to 120 months imprisonment.  Unlike Malone, Murph was originally sentenced to a term lower than the amended Guidelines range and is thus not eligible for a reduction under § 3582(c)(2).

For these reasons, Murph's motion to reduce his sentence is denied.

**B.  Motion to Correct the Presentence Investigation Report**

Murph's second motion is to correct the PIR pursuant to Rule 32.  The Court, however, lacks jurisdiction to grant Murph's requested relief.[2]  In United States v. Giaimo, the Second Circuit held "that Rule 32, standing alone, does not give a district court jurisdiction to correct inaccuracies in a [PIR] report after a defendant has been sentenced."  880 F.2d 1561, 1563 (2d Cir. 1989).  Here, Murph's motion to correct the PIR is based solely on Rule 32.  The Court cannot now, under Rule 31, address objections to the PIR that should have raised and resolved at Murph's prior sentencings.  See United States v. Smalling, 664 F. App'x 3, 4 (2d Cir. 2016) ("Rule 32 allows parties to object to a [PIR] prior to sentencing, but does not provide a basis for amending a [PIR] after the imposition of a sentence.").

Because the Court is without jurisdiction, Murph's motion to correct the PIR is denied.

### III. CONCLUSION

For the reasons stated above, Defendant Phillip Murph's motions are denied.

**SO ORDERED.**

Dated: November 8, 2018
Central Islip, New York

                                                  /s/  (JMA)
                                                  JOAN M. AZRACK
                                                  UNITED STATES DISTRICT JUDGE

---

[2] The proper recourse for Murph to challenge the Bureau of Prisons' determination with respect to his inmate classification is through a separate proceeding pursuant to 28 U.S.C. § 2241.