UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
UNITED STATES OF AMERICA,

    -against-

PHILIP MURPH,

           Defendant.
----------------------------------------------------------------------X

For Online Publication Only

**ORDER**
08-CR-322 (JMA)

FILED
CLERK
1/19/2021 12:49 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**APPEARANCES:**

Seth D. DuCharme
   Acting United States Attorney
Charles N. Rose
   Assistant United States Attorney
Eastern District of New York
610 Federal Plaza
Central Islip, NY 11722
   *Attorneys for the United States*

Philip Murph
45308-053
FCC Petersburg
P.O. Box 90026
Petersburg, VA 23804
   *Pro Se Defendant*

**AZRACK, United States District Judge:**

On May 12, 2020, defendant Philip Murph ("Defendant") moved for compassionate release following the onset of the COVID-19 pandemic. (ECF No. 357.) Though the Court denied his motion because he failed to demonstrate "extraordinary and compelling" circumstances warranting compassionate release and the Section 3553(a) sentencing factors weighed against granting him compassionate release, the application was denied "without prejudice to its renewal should Defendant's condition or the situation at his facility materially worsen." (ECF No. 363 at 8.)

Several months later, Defendant has now renewed his request for compassionate release on two occasions because of the pandemic. (ECF Nos. 367, 372.) Based on the increasing cases at his facility and his own positive COVID-19 diagnosis, Defendant argues that the Section 3553(a) factors now weigh in favor of granting his motion for compassionate release. The Court has considered Defendant's arguments and the government's response and finds that the updated situation does not alter the Court's prior analysis. (ECF No. 357 at 6-8.) Over one month has now passed since Defendant's positive COVID-19 diagnosis, and his medical records reflect a mild case for which he has received treatment. Given that Defendant "has contracted and seemingly weathered the disease, a sentence reduction based on the risk of contracting it no longer makes sense." United States v. Hardy, No. 11-CR-629, 2020 WL 7711676, at *2 (S.D.N.Y. Dec. 29, 2020). Since "the main point of releasing an individual is to decrease the person's chance of contracting COVID-19," the Court declines to find that there are extraordinary and compelling reasons to reduce his sentence given his current situation. United States v. Rodriguez, No. 19-CR-64, 2020 WL 4581741, at *2 (D. Conn. Aug. 10, 2020). Accordingly, Defendant's motions, (ECF Nos. 367, 372), are **DENIED** without prejudice.

**SO ORDERED.**

Dated: January 19, 2021
      Central Islip, New York

                                              /s/ (JMA)
                                              JOAN M. AZRACK
                                              UNITED STATES DISTRICT JUDGE